# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-70009

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2023

Lyle W. Cayce
Clerk

Richard Vasquez,

*Petitioner—Appellant,*

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division,*

*Respondent—Appellee.*

---

Application for Certificate of Appealability from the
United States District Court
for the Southern District of Texas
USDC No. 2:05-CV-59

---

Before Haynes, Engelhardt, and Wilson, *Circuit Judges.*

Per Curiam:*

Richard Vasquez moves for a certificate of appealability ("COA") to seek review of the district court's denial of his Rule 60(b) motion for relief from judgment in his federal habeas case. The district court denied Vasquez's motion, ruling that it was actually an unauthorized successive

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-70009

habeas petition.  We conclude that reasonable jurists would not debate this determination, and we therefore DENY Vasquez's application for a COA.[1]

## I.

In 1999, a Texas jury convicted Vasquez of capital murder for killing his girlfriend's four-year-old daughter, Miranda.  During trial, the state prosecutors introduced testimony that Miranda: (1) was severely sexually assaulted before she died; (2) suffered blows to the head that were equivalent in force to being in a 65-mile-per-hour car accident; and (3) had cocaine levels in her blood that were double the lethal amount for an adult.  Vasquez appealed his conviction and death sentence to the Texas Court of Criminal Appeals ("TCCA"), which affirmed.  The TCCA also denied his petition for state habeas relief.

In 2006, Vasquez petitioned for federal habeas relief under 28 U.S.C. § 2254.  In 2008, the district court denied the requested relief but granted a COA on Vasquez's claim that he received ineffective assistance of counsel at trial and on appeal.  We affirmed, and the Supreme Court denied certiorari review.  *See Vasquez v. Thaler*, 389 F. App'x 419, 432 (5th Cir. 2010) (per curiam), *cert. denied*, 563 U.S. 991 (2011).  His petition did not directly challenge the aforementioned trial evidence; nor did the State specifically rely on that evidence in its response to Vasquez's petition.

In 2015, Vasquez filed a successive state habeas application challenging the evidence related to Miranda's brain injury and the reports of cocaine in her system.  He argued that recent developments in forensic

---

[1] Vasquez subsequently filed a motion for authorization to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).  *In re Vasquez*, No. 23-40079 (5th Cir. 2023).  That motion remains pending, and this opinion addresses only the request for a COA in this case regarding the district court's denial of Vasquez's Rule 60(b) motion.

No. 22-70009

science had cast doubt on the validity of that evidence. The TCCA disagreed that relief was warranted and denied Vasquez's application. *Ex parte Vasquez*, No. WR-59,201-03, 2021 WL 3746008, at *1 (Tex. Crim. App. Aug. 25, 2021).

In 2022—a decade after the conclusion of his federal habeas case—Vasquez returned to federal court and filed a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. He urged the district court to reconsider his habeas petition, asserting that the initial judgment was procured through fraud. The district court disagreed. By order entered on July 11, 2022, the district court denied Vasquez's motion, concluding that it lacked jurisdiction because the motion was, in substance, an unauthorized successive habeas petition. The court ruled, in the alternative, that Vasquez failed to show extraordinary circumstances warranting Rule 60(b) relief. After the district court denied Vasquez a COA, Vasquez moved for a COA from this court.[2]

## II.

A COA is generally required to appeal a district court's denial of a Rule 60(b) motion for relief from a federal habeas judgment. *See Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011) (per curiam). To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A movant can satisfy this standard by "demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional

---

[2] Around the same time as this appeal, Vasquez appealed the district court's July 8, 2022, dismissal of his claim under 42 U.S.C. § 1983 alleging that he had been denied due process. *Vasquez v. Collier*, No. 22-70008 (5th Cir. 2022). Vasquez moved to voluntarily dismiss that appeal before any decision by this court; the dismissal has been granted.

No. 22-70009

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack*, 529 U.S. at 484.

In this context, Vasquez must establish that reasonable jurists could debate whether the district court correctly construed his Rule 60(b) motion as a successive habeas petition. The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes strict limitations on successive habeas petitions. As a result of the difficulty in being able to file those petitions, state prisoners occasionally "use Rule 60(b) motions to evade AEDPA's limitations on successive habeas petitions." *Jackson v. Lumpkin*, 25 F.4th 339, 340 (5th Cir. 2022). So, Rule 60(b) motions that actually present habeas "claims" must be "treated as successive habeas petitions subject to the strictures of" 28 U.S.C. § 2244(b). *Id.* Otherwise, "use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Based on these concerns, the Supreme Court has guided that a federal district court only has jurisdiction to consider a Rule 60(b) motion in habeas proceedings if the motion attacks "some defect in the integrity of the federal habeas proceedings," and "not the substance of the federal court's resolution of a claim on the merits." *Id.* One example of such a defect is "[f]raud on the federal habeas court." *Id.* at 532 n.5. On the other hand, if a Rule 60(b) motion advances a new claim or attempts to attack the federal court's previous resolution of a claim on the merits, then the motion will be treated as a successive habeas petition. *Id.* at 532–33.

## III.

Vasquez urges that his Rule 60(b) motion was not a disguised successive habeas petition because it attacked a defect in the federal

No. 22-70009

proceedings. He relies on a "fraud on the court" theory. To support this theory, Vasquez contends that the state trial prosecutors relied on "false evidence"—i.e., the purportedly scientifically invalid evidence of Miranda's brain injuries and high levels of cocaine in her system—to procure his conviction. Per Vasquez, that evidence has since been invalidated by recent developments in forensic science. So, Vasquez argues that the State committed fraud on the court when it relied on that evidence here in responding to his federal habeas petition. He urges that the fraud impaired the district court's ability to fairly adjudicate his ineffective assistance of counsel claim. Thus, he reasons that this "fraud" moves his challenge into the proper scope of a Rule 60(b) motion. The district court rejected Vasquez's theory, and we conclude that jurists of reason would not disagree on or debate this contention.

To start, fraud on the federal court is a very difficult standard to meet. Generally, a petitioner must "show an unconscionable plan or scheme which is designed to improperly influence the court in its discretion." *Fierro v. Johnson*, 197 F.3d 147, 154 (5th Cir. 1999) (quotation omitted). We've instructed then, that fraud on the court is limited to claims of "only the most egregious misconduct." *Id.* (quotation omitted). Examples include "bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Id.* (quotation omitted). Conversely, less egregious misconduct, such as nondisclosure, generally will not suffice. *See id.*; *see also First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996). Importantly, though, we are only concerned with conduct of the parties in the federal proceedings. *Fierro*, 197 F.3d at 153–54.

Here, Vasquez's fraud theory centers entirely on purportedly false evidence used by the *prosecution* at the *state* trial. His contentions here are that the State's continued reliance on that evidence constituted fraud on the federal court. But we have long held that "alleged fraud by the *state trial*

No. 22-70009

prosecutor" is insufficient to "establish fraud on the *federal* court." *See Lave v. Davis*, 655 F. App'x 255, 259 (5th Cir. 2016) (per curiam) (emphasis added); *see also Fierro*, 197 F.3d at 153–54 ("[I]t is important to keep in mind that in reviewing the district court's denial of the motion to vacate, we deal only with allegations of fraud on the *federal* courts, not any fraud that may have been perpetrated upon the state courts."). As a result, jurists of reason thus could not debate that the *federal* proceedings did not involve fraud.

In sum, we conclude that reasonable jurists would not debate that Vasquez failed to establish fraud on the federal court. Consequently, reasonable jurists would not debate the propriety of the district court's ruling that Vasquez's Rule 60(b) motion was an unauthorized successive habeas petition.

Accordingly, IT IS ORDERED that the motion for a COA is DENIED.